IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMIEE C. C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-673-JTA |
| | ) | (WO) |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Amiee C. C. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Plaintiff's application for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's brief in support of her Complaint (Doc. No. 13) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint as a motion for summary judgment (Doc. No. 17). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers as they appear on the docket sheet are designated as "Doc. No."

## I.    PROCEDURAL BACKGROUND AND FACTS[2]

Plaintiff is an adult female[3] with a high school education and no past relevant work. (R. 18, 40–42.) She alleged a disability onset date of June 21, 2018, due to fibromyalgia, degenerative disc disease, chronic fatigue, and polycystic ovarian syndrome. (R. 170, 232.)

In September 2021, Plaintiff protectively filed an application for a period of disability and DIB under Title II of the Social Security Act. Her claim was denied initially and upon reconsideration. Following an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. (R. 1-20.) The hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

On October 22, 2024, Plaintiff filed this civil action for judicial review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. This matter is ripe for review.

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g).[4] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178

---

[2] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 12.)

[3] Plaintiff was 37 years old on the date last insured and 34 years old on her alleged onset date. (R. 18, 60.)

[4] Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

(11th Cir. 2011) ("In Social Security appeals, we must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004))). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. The court "will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).[5] However, the court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." (quotation and brackets omitted)).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for disability must prove that she is disabled. *See* 20 C.F.R. §§ 404.1505, 416.920(a)(4). The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

---

Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[5] The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. The ALJ must determine (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment or combination of impairments; (3) whether the severe impairment meets or exceeds an impairment in the Listings of Impairments; (4) whether the Plaintiff can perform her past relevant work despite the impairment; and (5) whether Plaintiff can perform other jobs that exist in the national economy[6] given her residual functional capacity ("RFC"), age, education, and work experience. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101–02 (11th Cir. 2021).[7] Plaintiff has the burden of proof on the first four steps, and the Commissioner carries the burden on the fifth step. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020). If the Commissioner carries the burden at the fifth step, the burden shifts back to Plaintiff to prove she is unable to perform the jobs suggested. *Id*.

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December

---

[6] To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

[7] *Simon* was superseded on other grounds by 2017 regulations abrogating the treating physician rule. *See Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 894 (11th Cir. 2022).

31, 2021.[8] (R. 12.) The ALJ concluded Plaintiff had not engaged in substantial gainful activity from her alleged onset date of June 21, 2018, through December 31, 2021, her date last insured. (R. 12.) Through her date last insured, the ALJ determined Plaintiff suffered from the following severe impairments that significantly limit her ability to perform basic work activities: fibromyalgia, degenerative disc disease, chronic fatigue syndrome, and polycystic ovarian syndrome. (R. 12.)

The ALJ concluded Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 13.) The ALJ also concluded Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[9] with certain restrictions:

> [Plaintiff] can occasionally push and pull with the bilateral upper and lower extremities. [She] can occasionally stoop, kneel, crouch, and crawl. [She] can never climb ladders, ropes, and scaffolds. [She] is limited to frequent reaching in all directions, including overhead on a bilateral basis. [She] must avoid concentrated exposure to extreme cold, heat, wetness, and humidity. [She] must avoid all exposure to hazardous conditions such as unprotected heights, dangerous machinery, and uneven surfaces.

(R. 13.)

Based upon the testimony of a VE, the ALJ determined an individual with Plaintiff's age, education, work experience, and RFC could work as an office helper, marker, and mail

---

[8] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she [was] insured." *Moore*, 405 F.3d at 1211 (citing 42 U.S.C. § 423(a)(1)(A) (2005)). Because Plaintiff's last insured date was December 31, 2021, Plaintiff must demonstrate disability on or before that date. *See id.*

[9] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of an arm or leg controls." 20 C.F.R. § 404.1567(b).

sorter. (R. 19.) The ALJ found that based upon Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (R. 19.) Based on the foregoing, the ALJ concluded Plaintiff had not been disabled from the alleged onset date through the date last insured and was not disabled under the Social Security Act. (R. 19–20.)

## V.    DISCUSSION

Plaintiff presents one issue in this appeal. She argues the ALJ failed to properly apply the Eleventh Circuit's pain standard for adjudicating complaints of pain. (Doc. No. 13 at 2, 10.) The Commissioner responds that substantial evidence supports the ALJ's findings on Plaintiff's subjective complaints of pain. (Doc. No. 17 at 4.)

When a claimant alleges disability due to subjective complaints of pain, the claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024) (quotation omitted). If a claimant meets this standard, and the ALJ decides not to credit a claimant's testimony as to her pain, the ALJ "must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam). When determining whether a claimant's subjective statements are credible, the ALJ considers: "(1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating facts; (4) the type, dosage, effectiveness, and side effects of medication; (5) the claimant's treatments other than medication; (6) any

6

measures used to relieve pain; and (7) other factors concerning a claimant's functional limitations and restrictions based on pain or other symptoms." *Raper*, 89 F.4th at 1277 (citing 20 C.F.R. § 404.1529(c)(3)(i)–(vii)).

There is "'no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Mitchell v. Comm'r of Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (citation omitted). The Eleventh Circuit has "held that credibility determinations are the province of the ALJ, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and [the Court] will not disturb a clearly articulated credibility finding supported by substantial evidence, *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)." *Mitchell*, 771 F.3d at 782; *see also Raper*, 89 F.4th at 1277 ("We will not disturb a clearly articulated credibility finding if supported by substantial evidence.").

Here, the ALJ's assessment of Plaintiff's pain and other symptoms is supported by substantial evidence. The ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms[.]" (R. 14.) However, the ALJ concluded Plaintiff's statements concerning "the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (R. 14.)[10] In making this determination, the ALJ

---

[10] As the ALJ noted, Plaintiff testified her main problem is pain in her back and hips, and that she is able to stand for a maximum of five minutes, sit for up to 30 minutes, and lift no more than 10 pounds. (R. 14, 42, 48.)

referenced objective medical evidence, treatment records, surgical interventions, Plaintiff's medications, and Plaintiff's testimony concerning her pain.[11] Specifically, the ALJ provided an in-depth discussion of the various imaging and scans of Plaintiff's back from 2018–2021, as well as physical examinations. The ALJ noted imaging in 2018 revealed no sacroiliac inflammation and Plaintiff was notified there were no definite abnormalities as to arthritic disease. (R. 14, 432, 434.) The ALJ discussed imaging from early 2019, which showed mild to moderate bursitis in Plaintiff's hips, and a physical exam, which revealed hip pain during range of motion. (R. 14, 413, 681–82.) The ALJ noted that when Plaintiff followed up on her hip pain in March and April 2019, there was a generally normal physical examination and Plaintiff received injections to help ease the pain. (R. 14–15, 554–57.) The ALJ highlighted that from May 2019 to November 2019, various images of Plaintiff's back showed mild to moderate problems or issues that would be amenable to surgery. (R. 15, 399, 404, 438, 624.)[12] As the ALJ discussed, in February 2021, imaging found Plaintiff had mild back issues, including mild cervical spondylosis and mild disc desiccation, but a wellness examination showed few, if any, abnormal findings. (R. 15, 510–11, 614–15.)

---

[11] The ALJ also referenced evidence from 2022–2024, noting this evidence was from after the date last insured. (R. 16–17.) The relevant period for Plaintiff's DIB claim is from June 21, 2018, the alleged onset date, to December 31, 2021, her date last insured. *See Moore*, 405 F.3d at 1211. Because the evidence from 2022–2024 is beyond the date for which Plaintiff was last insured, the Court does not address this evidence.

[12] The ALJ noted the imaging showed Plaintiff had the following problems: low-grade disc degeneration, mild diffuse disc bulge with no evidence of spinal canal or foraminal stenosis, polyarthritis, mild degenerative osteoarthrosis, slight osteophyte formation, and intervertebral disc degeneration. (R. 15, 399, 404, 438, 624.)

The ALJ noted an MRI the following month confirmed a disc herniation, and an examination revealed a positive straight leg raise. (R. 15, 495.)

The ALJ also highlighted Plaintiff's surgical interventions in 2020 and 2021. In June 2020, as the ALJ discussed, Plaintiff underwent surgery for expansion of disc space and nerve decompression. (R. 15, 355–56.) The ALJ noted that from August 2020 to November 2020 Plaintiff's follow-up appointments revealed little to no abnormal findings. (R. 15, 616, 618.)  Nonetheless, in 2021 further imaging revealed additional issues with Plaintiff's back, and Plaintiff underwent surgery again in June 2021 and November 2021. (R. 15–16, 454, 457, 495, 510–11.)  The ALJ highlighted that in December 2021, Plaintiff was found to have improved pain since the surgery in November. (R. 15, 474.) The ALJ noted throughout his discussion that Plaintiff was compliant with medications and presented for refills. (R. 15–16, 546, 608, 610.) The ALJ further noted that Plaintiff testified her pain is a seven out of ten before taking medication, and that medication reduces the pain level. (R. 14, 43.) The ALJ reasoned that the RFC is supported by Plaintiff's surgical interventions that improved Plaintiff's ability to perform daily functions, medical imaging showing no more than mild to moderate impairments, and Plaintiff's routine follow-ups with no need for emergency visits. (R. 18.)

Plaintiff contends the ALJ improperly focused on Plaintiff's reports of temporary pain relief. (Doc. No. 13 at 13–15.) To support her argument, Plaintiff cites her subjective complaints of pain; hearing testimony concerning pain medication; and clinical examinations that showed tenderness to palpation, reduced range of motion, and positive Spurling's and Tinel's tests. (Doc. No. 13 at 12–13.) Nonetheless, "[u]nder a substantial

evidence standard of review, [the claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)). *See also Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (per curiam) (explaining that the appropriate question for a reviewing court "is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.").

Here, Plaintiff has not shown the absence of substantial evidence supporting the ALJ's conclusion. Contrary to Plaintiff's assertion that the ALJ improperly disregarded contradictory evidence, the ALJ provided an in-depth discussion of Plaintiff's relevant medical history, including evidence demonstrating she had a myriad of back and hip issues. The ALJ's decision is not a broad rejection of Plaintiff's subjective complaints but rather shows the ALJ considered Plaintiff's medical condition as a whole. *See Mitchell*, 771 F.3d at 782. This Court declines Plaintiff's invitation to reweigh the evidence or substitute its own judgment for that of the Commissioner. *See Winschel*, 631 F.3d at 1178. Consequently, the Court finds no reversible error.

## VI.   CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1.      Plaintiff's motion for summary judgment (Doc. No. 13) is DENIED.

10

2.    The Commissioner's motion for summary judgment (Doc. No. 17) is

      GRANTED.

3.    The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 2nd day of March, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE